IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Carlos J. Rodriguez Lugo,  )<br>   )<br>        Plaintiff,   )<br>   )<br>vs.   )<br>   )<br>Darlene Drew,   )<br>   )<br>        Defendant.   )<br>   ) | C/A No.: 1:11-680-TLW-SVH<br><br><br>REPORT AND RECOMMENDATION |

Plaintiff, proceeding *pro se* and *in forma pauperis*, brings this action pursuant to *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388 (1971).[1] Plaintiff is an inmate at Federal Correctional Institution (FCI) Bennettsville, a facility of the Bureau of Prisons (BOP). The Complaint names the Warden of FCI Bennettsville as the sole defendant.

Pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B) and Local Civil Rule 73.02(B)(2)(d) (D.S.C.), the undersigned is authorized to review such complaints for relief and submit findings and recommendations to the district judge. *See* 28 U.S.C. § 1915(e)(2); 28 U.S.C. § 1915A (as soon as possible after docketing, district courts should review prisoner cases to determine whether they are subject to dismissal). For the reasons

---

[1] *Bivens* establishes as a general proposition that victims of a constitutional violation perpetuated by a federal actor may sue the offender for damages in federal court despite the absence of explicit statutory authorization for such suits. *Carlson v. Green*, 446 U.S. 14, 18 (1980); *see also Holly v. Scott*, 434 F.3d 287, 289 (4th Cir. 2006). A *Bivens* claim is analogous to a claim brought against state officials under 42 U.S.C. § 1983. Therefore, caselaw involving § 1983 claims is applicable in *Bivens* actions, and vice versa. *See Harlow v. Fitzgerald*, 457 U.S. 800, 814–820, n. 30 (1982); *see also Farmer v. Brennan*, 511 U.S. 825 (1994).

that follow, the undersigned recommends that the district judge dismiss the Complaint in this case without prejudice and without issuance and service of process.

I.    Standard of Review

Plaintiff filed this Complaint pursuant to 28 U.S.C. § 1915, which permits an indigent litigant to commence an action in federal court without prepaying the administrative costs of proceeding with the lawsuit. To protect against possible abuses of this privilege, the statute allows a district court to dismiss the case upon a finding that the action fails to state a claim on which relief may be granted or is frivolous or malicious. 28 U.S.C. § 1915(e)(2)(B)(i), (ii). A finding of frivolity can be made where the complaint lacks an arguable basis either in law or in fact. *Denton v. Hernandez*, 504 U.S. 25, 31 (1992). A claim based on a meritless legal theory may be dismissed *sua sponte* under 28 U.S.C. § 1915(e)(2)(B). *See Neitzke v. Williams*, 490 U.S. 319, 327 (1989); *Allison v. Kyle*, 66 F.3d 71, 73 (5th Cir. 1995).

*Pro se* complaints are held to a less stringent standard than those drafted by attorneys. *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978). A court is charged with liberally construing a complaint filed by a *pro se* litigant to allow the development of a potentially meritorious case. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). When a federal court is evaluating a *pro se* complaint, the plaintiff's allegations are assumed to be true. *Fine v. City of N. Y.*, 529 F.2d 70, 74 (2d Cir. 1975). The mandated liberal construction afforded to *pro se* pleadings means that if the court can reasonably read the pleadings to state a valid claim on which the plaintiff could prevail, it should do so.

Nevertheless, the requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts which set forth a claim currently cognizable in a federal court. *Weller v. Dep't of Soc. Servs.*, 901 F.2d 387, 390–91 (4th Cir. 1990).

II.     Discussion

The Complaint alleges that Plaintiff's right to due process under the Fourteenth Amendment of the United States Constitution was violated in a disciplinary hearing for possession of a cellular phone on December 8, 2009.  Plaintiff alleges that, "(1) He never had actual possession of [a] cell phone; (2) He was never presented with the evidence nor was he afforded the right to challenge and confront the evidence used against him; (3) The alleged 'nickname' indicted in the report is not substantiated by [Plaintiff's] PSI nor any legal documentation." Compl. at 3 [Entry #1].  Thus, Plaintiff believes that his disciplinary conviction is erroneous and based on "a case of mistaken identity." *Id.* at 4. Plaintiff asks the court to "order the institution of confinement to conduct an administrative rehearing and, actually re-charge and re-sanction [Plaintiff] for committing only a 'moderate' violation (under the BOP Code 305) rather than for a violation of 'greatest severity.'" *Id.* at 5.

Disciplinary proceedings that implicate a protected liberty interest demand due process. *See Wolff v. McDonnell*, 418 U.S. 539 (1974). In *Wolff*, the United States Supreme Court held that where a disciplinary hearing affects a liberty interest, inmates must receive: (1) advance written notice of the disciplinary charges; (2) an opportunity,

when consistent with institutional safety and correctional goals, to call witnesses and present documentary evidence in his defense; (3) a written statement by the fact finders of the evidence relied on and the reasons for the disciplinary action; and (4) a fair and impartial tribunal. *Id.* at 563–67.

However, in order to prevail on a due process claim, an inmate must first demonstrate that he was deprived of "life, liberty, or property" by governmental action. *Beverati v. Smith*, 120 F.3d 500, 502 (4th Cir. 1997). When the punishment does not cause the original sentence to be enhanced, protected interests will be generally limited to freedom from restraint that imposes atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life. *Sandin v. Conner*, 515 U.S. 472, 486 (1995) (holding that disciplinary segregation did not present the type of atypical, significant deprivation in which a state might create a liberty interest). In the case *sub judice*, Plaintiff has made no allegations or representations to the court that he lost any good-time credits as a result of the disciplinary action, or that his disciplinary conviction resulted in an increase in the sentence imposed. Plaintiff does not allege that the disciplinary conviction imposed an atypical or significant hardship. Thus, Plaintiff has failed to show that the disciplinary conviction enhanced hiss sentence in a way that implicates a protected liberty interest and gives rise to a due process clause. *See, e.g., Beverati*, 120 F.3d at 502 (4th Cir. 1997) (confinement in administrative segregation does not exceed the sentence imposed in such an extreme way as to give rise to the protection

4

of the Due Process Clause by its own force, and inmates did not possess a liberty interest in avoiding administrative segregation).

Further, Plaintiff's due process claim would be subject to summary dismissal even if he had alleged the loss of good-time credits due to the disciplinary conviction. First, habeas corpus is the exclusive remedy for a prisoner who challenges the fact or duration of his confinement and seeks immediate or speedier release. *See Preiser v. Rodriguez*, 411 U.S. 475, 500 (1973). Thus, to the extent Plaintiff may be seeking the return of any earned good-time credits, such relief is unavailable in a *Bivens* action.

Second, a claim for monetary damages associated with the loss of good-time credits would be barred by the holding in *Heck v. Humphrey*, 512 U.S. 477, 487 (1994). In *Heck*, the United States Supreme Court held that a state prisoner's claim for damages is not cognizable under 42 U.S.C. § 1983 where success of the action would implicitly question the validity of the conviction or duration of the sentence, unless the prisoner can demonstrate that the conviction or sentence has been previously invalidated. The rationale in *Heck* applies equally to *Bivens* actions. *See Messer v. Kelly*, No. 97-7144, 1997 WL 712811 (4th Cir. Nov. 17, 1997). *Heck's* ruling was subsequently extended to a prisoner's claim for damages regarding loss of good-time credits in *Edwards v. Balisok*, 520 U.S. 641, 648 (1997) (A "claim for declaratory relief and money damages, based on allegations of deceit and bias on the part of the decisionmaker that necessarily imply the invalidity of the punishment imposed, is not cognizable under §1983."). In the instant case, Plaintiff has not demonstrated that his disciplinary conviction has been successfully

challenged or overturned. Therefore, any claim for damages he may be seeking for a loss of good-time credits would be subject to summary dismissal. As such, Plaintiff's due process claim must fail.

Finally, the undersigned also notes that Darlene Drew, Warden of FCI Bennettsville, is the only named defendant in this action. However, Plaintiff provides no facts to indicate that Drew had any personal involvement in the disciplinary proceedings. In fact, Plaintiff does not even mention Drew in the body of his Complaint. A Plaintiff must affirmatively show that a defendant acted personally in the deprivation of his or her constitutional rights. *Vinnedge v. Gibbs*, 550 F.2d 926, 928 (4th Cir. 1977). The Complaint's general claims, absent any personal allegations against Drew, are simply insufficient to state a claim under *Bivens*. To the extent Plaintiff is naming Drew for her role in processing and/or denying hiss institutional grievances concerning the disciplinary hearing and conviction, his claim would be subject to summary dismissal as inmates have no constitutionally-protected right to a grievance procedure. *See Adams v. Rice*, 40 F.3d 72, 75 (4th Cir. 1994). As Plaintiff fails to show that Drew violated any of his constitutional rights, she is entitled to summary dismissal.

III.  Conclusion

Accordingly, it is recommended that the district judge dismiss the Complaint in the above-captioned case without prejudice and without issuance of service of process.

IT IS SO RECOMMENDED.

May 17, 2011                                            Shiva V. Hodges
Florence, South Carolina              United States Magistrate Judge

**The parties are directed to note the important information in the attached "Notice of Right to File Objections to Report and Recommendation."**